Mr. Willis, are you with us? Yes, ma'am. Can you hear me okay? Yes, I can. Mr. Gatewood? Yes, ma'am. Present. Very good. Thank you. 20-2747 from the Eastern District of Arkansas, Randy Kinder Excavating v. JA Manning Construction Company. Mr. Willis, you may proceed. Thank you, Your Honor. I won't belabor the history of the case much, only to say that it was tried in the district court in Arkansas, that it was appealed to this court once before, that the ruling of the trial court was affirmed in this court, it was remanded down, and after the remand, an award of attorney's fees was entered by the trial court. Originally, the trial court had entertained our objections to that request for award with our notations that there was co-representation, that the billing wasn't segregated, that it was hard to ascertain for what was being billed or for whom. The court invited the prevailing party to file an amended request, which they did. This appeal arises out of that award for attorney's fees from the amended request. Your Honor, our position has been briefed, and I warrant to the court the brief is not terribly lengthy, but our first position is that Missouri law applies to this contract, and the trial court did not, in fact, have the authority to do so. The subcontract between the parties specifically stated that Missouri law would apply. The parties agreed to that. The subcontract specifically stated that in the event of breach, the prime contractor, my client, Randy Kinder, would have had the ability to seek its attorney's fees. It was silent as to the ability or the right of J.A. Manning to seek their fees in the event of a breach of the subcontract. Missouri, as I'm sure your honors all are well aware, follows the traditional American rule that unless there's a contract or a specific statute, you don't get your attorney's fees if you win. In this situation, we believe that the contract specifically stated a choice of law provision agreed to by the parties which selected Missouri law. Missouri law does not have a prevailing party award of attorney's fees. It does not have any statutory provision which would apply in this case, and the contract itself would not allow an award of attorney's fees to J.A. Manning under these circumstances. Counsel, I've got to talk to you about, at least for me, what's in the middle of the room, and that's particularly our Farrell case and several Arkansas cases, USA Life and BAAN. They appear right on point with this case. What do you do with those cases? Your honor, I believe that the parties did address their ability to seek their attorney's fees when they entered into this contract, and that J.A. Manning essentially waived its right to seek relief as the prevailing party in those cases had not done. Wait, slow down. You need to tell me that again. What's the distinction between those cases in this case? Tell me again. I believe that in this case, your honor, J.A. Manning, as to Missouri law applying, J.A. Manning had entered into a contract which waived its rights to seek attorney's fees by applying Missouri law specifically and by noting that my client, Mr. Randy Kinder, would be able to seek their fees when they would not be able to, and I believe that's a step that went further than the parties who prevailed in the cases that the court cites. And respectfully, your honor, I believe that essentially they waived away their ability to seek their attorney's fees when they agreed to Missouri law and didn't secure that in the contract before the court. And secondarily, your honor, our next point would be that Arkansas law in this situation wouldn't allow that recovery anyway, because essentially we're paying money into the hands of an insurance company, which is disallowed under Arkansas statute 2379-208. Okay, that I think is to me the interesting question in this case, and I may be misrepresenting, I find the Arkansas statute to be kind of difficult to decipher, especially with a surety being involved here. But as I read it generally, Arkansas favors, unlike the American rule here, it favors allowing attorney's fees to be recovered by the winner in a contract unless you're an insurance company, and that sort of comports with your argument. But the wrinkle here in my mind is that as I read the agreement, Manning is ultimately responsible to the insurance, to the surety for those attorney's fees. So isn't Manning really the party that's ultimately going to be out the attorney's fees and therefore under at least the principle underlying Arkansas law, shouldn't your client be responsible, assuming Arkansas law applies? No, Your Honor, we disagree. I mean, this is at its heart a matter where the insurance company has funded the litigation, funded litigation to which it was not obligated in any way to participate, such as the prosecution of affirmative claims. And has continued or even handled garnishment issues afterwards and has continued to fund and even drive forward litigation on causes it has no obligation to defend or protect. In doing so, it's seeking its own interest, not that of the principal J.A. Manning. I understand that the argument being made that J.A. Manning may have to pay Granite Re back for a portion of those fees as master surety agreements being what they are in the construction world. However, in this situation, it's very clear that it is Granite Re that is driving the litigation, has been in control of the litigation the entire time, has managed the litigation, has managed counsel during the litigation. Not to the extent counsel is managed in a bad way, but the person paying the bills has more management over their attorneys than we often admit to be the case. And so in this case, Your Honor, it's our position that Granite Re has essentially used J.A. Manning from the point at which Manning could no longer pay its invoices to drive this case forward to handle matters to which it is not even responsible. Garnishment, affirmative prosecution of counterclaims, and now seeks to recover its fees in doing so. So, Your Honor, respectfully, we believe this is basically, I think we use the term cat's paw. That's not exactly the term in the construction industry. That's a more labor industry world, but it is effectively the situation in our view that Granite Re took steps long beyond its required obligations and now seeks to use those same mechanisms to recover its fees, which it expended. So, no, Your Honor, responsibly. Counsel, be sure I have the facts. Be sure I just that I have the facts right. Manning must repay Granite all attorney's fees right under the agreement. A.L.L. That is the position that they've taken, Your Honor. Yeah. Thank you. That's the words in the agreement, right? All the words. Yeah. I understand that, Your Honor. Respectfully, I would submit to the court that Granite took steps further to fund this litigation to its own benefit that it didn't have to take. And when it did so, whether Manning has to pay them back or not or pay back a discounted rate, however they wash that out at the end of the day, this is still Granite paying its money to drive its interest forward. And that is against the spirit and the text of the Arkansas statute at issue. And with the court's permission, I'll reserve my last two minutes. Very well. Thank you, Mr. Willis. Mr. Gatewood. Your Honor, Evan Gatewood for J.A. Manning Construction Company, Appellee. May it please the court. Again, this issue starts out with a choice of law question between the competing outcomes. When you apply Missouri law, you get no attorney's fees for Manning. But when you apply Arkansas law, you get an award of attorney's fees for Manning. Kender takes the position that the beginning and end of the analysis is simply look at the contract, the choice of law provision says the law of the state of Missouri applies, and that then is going to govern every aspect of this litigation no matter what the issue. That is not the law. At any time you have choice of law questions, competing results under different jurisdictions, there has to be a choice of law analysis. The Arkansas Supreme Court set that forth in Cooper v. Cherokee Village where they go through several factors. One of those factors is, in fact, which state did the parties agree to as the forum. But there are other factors as well that need to be analyzed, such as where the contract was made, the state where the contract was performed, and the state with the most significant contacts with the matter in dispute. So at any rate, there has to be some kind of analysis when you're viewing a choice of law. Here, the trial court didn't have to even get that far because in a diversity action, the substantive rights of the parties are governed by the law of the forum. Here, that's Arkansas. That includes looking at Arkansas conflict of law rules, and as we apply those, the application in Arkansas, the application of another state's laws is only required if the relevant law would be characterized as substantive as opposed to procedural. So the decisive question is, is the issue substantive or procedural? Arkansas has long held that entitlement to attorney's fees and costs is a procedural issue, and therefore the law of the forum governs. Here, that's Arkansas. And under this analysis, that means Manning is entitled to an award of its attorney's fees. In American Physician versus Hruska, Arkansas Supreme Court looked at a very similar case where there was a contract that said Missouri law would apply, but only on substantive issues. The court specifically found that attorney's fees, entitlement to costs is a procedural matter, and it must be decided by the forum state's laws. And that's what the trial court did here and made the proper ruling. All procedural issues must be determined by the law of the forum state. That now leads us to the more interesting argument that Mr. Willis has put forward. Kender claims that the joint representation of Manning and its surety company, Granite Re, and the fact that Granite Re was forced to finance this litigation because of the financial inability to pay by Manning, that that somehow prohibits now Manning's ability to recover its attorney's fees in this matter. Now, to put things in perspective, Kender wrongfully terminated Manning under this contract as determined by the trial court. Kender failed to pay $215,000 to Manning under the contract. And then Kender sued Manning and its surety company for $1.7 million. And then we spent the last five years fighting about this. And now at this state, Kender now tries to say, well, you couldn't afford to pay the attorney's fees and your surety paid them for you. That means you don't get attorney's fees. That doesn't make any sense. And there's no law to support it. Certainly. Wait, wait. No law to support it. Read the Arkansas statute. Twenty three seven nine two eight eight two. Tell me about it. I'll tell you about the statute. Clearly, a fair reading of that statute indicates that is it is designed for and intended for this coverage disputes between policyholders and their insurance companies. Hey, if you're if your insurance company doesn't pay you as you read through that statute on paragraph a one. It says if they shall fail to pay the losses within the time specified in the policy. And shall be liable to pay the holder of the policy. So the intent is an insurance arrangement where certainly the legislator wanted to make sure that at the end of the day, a policyholder didn't get stuck paying an insurance company's bill just because they wanted to try to enforce the terms of their coverage. So that's the intent of this. Yes. How about a more literal reading of a two where it says in no event will the holder of the policy. And I think in that instance, that is referring to kinder to be liable for the attorney's fee incurred by an insurance company. Just a literal reading of that seems to suggest that Granite Re can't recover. Well, again, I think there's a unique and Warner pointed it out earlier. It's a unique relationship between a surety company, its principal and the obligee under a performance bond. And so there's nowhere mentioned that type of arrangement or bonding or surety ship in anywhere in this provision. They simply identify the word surety as one of the many types of insurance that it might apply to. But as you read paragraph two, it does say in no event will the holder of the policy be liable for attorney's fees incurred by the insurance company. I would argue that this is a surety company. Well, counsel, counsel, Arkansas Supreme Court said that that statute applies to sureties. Right. Bob Jones case, Bob Jones activating that. That that was they enforce it the other way around, where the obligee then was able to recover its attorney's fees under this statute from the insurance company or the surety company. So in a way, you are correct. They have enforced that way. But I think the intent of that is a little bit misleading over and above that. We're still dealing with a party to a contract. And the issue before the trial court was who breached the contract, Manning or Kinder? And they found that Kinder violated the contract and they awarded them damages, manning damages. And as a result, under Arkansas law, they're now entitled to an award of attorney's fees. We shouldn't have to go back and see who funded the litigation or where Manning had to borrow the money from so he could get this case across the finish line in order to protect his rights. The surety company and Manning have joint alliance in the sense that the surety company is only liable under its bond if Manning is liable under the contract. And so there the evidence presented, the facts presented, all this litigation was benefiting to Manning. Yes, granted, obtained some benefit from that. But all in all, this was Manning's case to win or lose. And they prevail and they're entitled to an attorney fee award. On this aspect of the case, I would also point out, as this court has found in Reed versus Miles construction and many other cases, that when you're looking at a federal district judge interpreting the law of their state and it is a permissible result that we're not trying to outguess or outpredict what might happen. Judge Moody analyzed the same argument on the trial level and found a permissible result. And we think that one should be affirmed. Finally, we get to the reasonableness of the fees. In this case, Judge Moody asked us to reconcile, provide detailed time records, billing statements, allocate between Granite and Manning. And and again, we have he put he put in the work. He knew the case the best. He knew the complexities of this case. He knew what Manning had to establish to prevail in this case. And we think in that regard, his ruling is there's no abuse of discretion in there. There's no findings by Kinder's briefing that would suggest such an abuse of discretion. And we feel that it should be affirmed and Manning should be awarded its attorney's fees. Thank you, Mr. Gatewood. Mr. Why should it matter in terms of recovery of attorney's fees if Manning so-called borrowed the money from a bank to fund the litigation, fund the attorney's fees, or if it borrowed the money from its insurance company? Well, your honor, because statutory interpretation is one of strict interpretation and not of a common law development. Arkansas set forth this statute with great specificity. And as the court has already questioned today, your time is short. I'll step on Judge Gardner's question just to just to say in the key to the statute, the words incurred by. And then that say who eventually ends up having to pay the words incurred by the linchpin of a two. I disagree with that, your honor. I believe it's the will will be liable for the fees. Not I agree. Incurred by is very important, your honor. But I think it shall be liable for the fees is actually before that in importance as it was drafted. And your honors, I think the concept of joint alliance was mentioned earlier. That's what this was. It was a joint alliance between the insurance company and the contractor. The insurance company pushed forward a case that it had other. It may have had an obligation to defend under its surety obligations to its principal. It did not have an obligation to pursue counterclaims. It did not have an obligation to handle garnishment issues or third party claims. It essentially went further. They entered into what I think was a joint alliance. I think that was well worded by counsel. And as the Arkansas case law has established on page nine of our brief, I believe we have a string site. I won't go through it. I have 19 seconds. The statute applies to surety companies. The specific reading of the statute is clear that the Arkansas legislature did not intend for insurance companies to be awarded their fees. What we have here is granted re-prosecuting claims. It didn't have itself without obligation and now asking for its fees. I'm out of time, your honors. Thank you, Mr. Willis. Court appreciates both counsel's appearance and briefing. Case is submitted and we will issue an opinion in due course.